## In re CARPENTER.

(Circuit Court of Appeals, Fifth Circuit. May 31, 1901.)

### No. 1,046.

BANKRUPTCY—EXEMPTIONS—CONDUCTING BUSINESS UNDER FICTITIOUS NAME.

The fact that a bankrupt had been for a number of years conducting business under the name of "Red Grocery Company" did not constitute a representation that the business was owned by a partnership, nor does it affect his right to his exemptions, under the Florida constitution, from the personal property employed in the business, of which he was the sole owner.

In Bankruptcy. On petition by bankrupt for revision of proceedings in matter of law.

John Eagan and Joseph A. Edmondson, for petitioner.
R. W. Williams, for respondent.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge. The record in this case is meager. From the transcript of the record and the briefs of counsel, it appears somewhat doubtful whether the adjudication of the petitioner to be a bankrupt was had on his own petition, as a voluntary bankrupt, or on the petition of the C. B. Rogers Company, creditor. The answer recites that on the 16th day of November, 1899, the C. B. Rogers Company, creditor, petitioned the district court to adjudge R. B. Carpenter and Griffin Wilson, partners, conducting a mercantile business as the Red Grocery Company, to be bankrupts; that after pleading and hearing before the judge of the court, in open court, R. B. Carpenter was adjudged to be a bankrupt by the judge, in open court, on December 4, 1899; and Exhibit A to the petition for review recites that:

"Whereas, the petition of Richard B. Carpenter having been this day referred to me in the absence of the district judge, for adjudication thereon, it is therefore ordered and adjudged that the said Richard B. Carpenter be, and he is hereby, declared a bankrupt, within the true intent and meaning of the act of congress entitled 'An act to establish a uniform system of bankruptcy throughout the United States,' approved July 1, 1898.

"Witness my hand at the city of Tallahassee, in said district, this sixth day of December, A. D. 1898. John J. Hodges, Referee."

It clearly appears that Carpenter was a married man, a citizen of Florida, who had for many years resided with his family in the Northern district of Florida. At the time he was adjudicated a bankrupt his family consisted of himself, his wife, a son in his seventeenth year, a daughter in her sixteenth year, another son in his eleventh year, and a little girl in her fourth year. From some time in 1895 until his adjudication to be a bankrupt he did business in Tallahassee, under the name of "Red Grocery Company." At the time of the adjudication in bankruptcy he owned the house and lot which he and his family used as a homestead; also a stock of goods in a store known as "Red Grocery Company"; also a stock of goods in a store known as "Bee Hive Cash Grocery"; also one horse, two wagons, and two sets of harness. It appears, from an exhibit at-

tached to the brief of counsel who represented the creditors, that the bankrupt by his Schedule B (5) claimed exemptions as follows:

"(1) The east half of lot 247, old plan of the city of Tallahassee, as stated in Schedule B (1), together with the dwelling house and all improvements thereon, is hereby claimed as the homestead of myself and family, my being and having been for the past ten years and over the head of a family residing in the state of Florida, said property having been occupied by me and my family as a homestead for the past ten years. I am entitled to the same under article 10, § 1, of the constitution of the state of Florida.

"(2) One thousand dollars, in cash money, to be paid from the proceeds of the sale of the above property enumerated in Schedule B (2) and (3), to which I am entitled under article 10, § 1, constitution of the state of Florida, as the head of a family now residing in the state of Florida, myself and family having resided continually in Tallahassee, Fla., for past ten years and over."

From Exhibit B to this counsel's brief it appears that:

"The following is a schedule of property designated and set apart to be retained by the bankrupt aforesaid as his own property, under the provisions of the acts of congress relating to bankruptcy:

"(A) One thousand dollars' worth of personal property, under article 10, § 1, constitution of state of Florida, owned by said bankrupt, the head of a family residing in the state of Florida, to wit:

"(1) Wearing apparel, of one suit of clothes, $7; overcoat, $5; four undersuits, $5; hat and shoes, $3; total of $20. (2) The following articles of goods and merchandise situated in store (with itemized list of goods and value of each item on pp. 1 to 9), $669.73. The above prices being quotations and invoice prices on above goods if new, for depreciation in value thereof I have set apart same at ten per cent. discount thereon, to wit, $602.76. (3) Horse, $67.50. (4) Set harness, $15.30. (5) Delivery wagon, $18.00. (6) Also the following articles of goods and merchandise, situated and being in the store building (with itemized list of goods and value of each item on pp. 9 to 11), $306.76. The above being full value thereof when new, I have set apart same at 10 per cent. discount thereof for depreciation thereof, to wit, $276.09. Recapitulation of personal property set aside:

| | | |
|---|---|---|
| (1) Wearing apparel, total | $ | 20 00 |
| (2) Goods in Bee Hive Store, total | | 602 76 |
| (3) Horse, wagon, and harness, total | | 100 80 |
| (4) Goods in Red Grocery Store, total | | 276 09 |
| (5) Cash in money, total | | 35 |
| Total | $1,000 | 00 |

"Walter A. Demilly, Trustee.

"(B) The east half of lot two hundred and forty-seven (247), old plan of the city of Tallahassee, Florida, together with the dwelling house and all improvements thereon, the homestead of said bankrupt, Richard B. Carpenter, the head of a family residing and having resided in the state of Florida, county of Leon, continuously for the past ten years and to this date; said east half of said lot being and running eighty-five feet east and west, and one hundred and seventy feet north and south; said bankrupt, with his family, having resided for the above-stated time, and are still residing and living, in said lot and occupying said house thereon. It is claimed under article 10, § 1, constitution of state of Florida.         Walter A. Demilly, Trustee."

This report was filed on January 9, 1900. On January 29, 1900, the C. B. Rogers Company filed exceptions to the trustee's report, all of which were overruled by the court, except the fourth, which is in these words: "(4) The property set apart by the trustee was sold to the Red Grocery Company, a firm, and is not subject to any claim of exception by the firm or by any member thereof." The answer avers that on February 27, 1900, the judge made his order

thereon, sustaining the fourth exception. It appears, however, that the judge made some order (not set out in the transcript) dated February 2, 1901, which provided that the referee should give notice to parties in interest that they might submit evidence before him on the claim of the bankrupt for exemption, as directed in said order, within 15 days therein limited. The referee gave the notice required, and heard evidence, which he on February 18, 1901, adjudged showed that all the property was the property of the Red Grocery Company; that it was all purchased under the name of the Red Grocery Company; that the business was held out to the world as a firm, and the goods were purchased as for a firm; and further adjudging that "the claim for exemption out of the moneys now in this court and in this case be, and is hereby, refused and denied." The bankrupt requested that the evidence and the finding and order of the referee thereon be certified to the judge for review by him, and the same was duly so certified on March 7, 1901. On the 1st day of April, 1901, the judge of the court of bankruptcy made the following order:

"In re Richard B. Carpenter, Bankrupt.

"This cause being submitted to the court for review of the judgment of the referee herein denying the rights to exemptions claimed by the bankrupt as a head of a family residing in the state of Florida, and the evidence submitted to and considered by the referee at the hearing before him as to right of bankrupt to his exemptions being submitted to the court, with the referee's certificate as to his findings in the matter, upon consideration of the evidence by this court it is considered that the evidence set out in referee's certificate and filed herein, as introduced against the bankrupt's claim by creditors, consisting of claims filed against bankrupt in the name of the Red Grocery Company, letters written by the Red Grocery Company, checks and bank books of Red Grocery Company, and ex parte affidavits of creditors, all of which were admitted by the referee without being identified or supported by oath of witnesses before referee, are excluded from consideration, as being improperly admitted by referee and not legal evidence in the premises. The testimony submitted as to certain books being tampered with is also not considered, as same is irrelevant to the issue herein, and was negative testimony. The only testimony considered by the court as bearing on and pertinent to the issue is testimony submitted in behalf of bankrupt to sustain his claim to exemptions, consisting of the evidence of R. B. Carpenter, the bankrupt, George W. Saxon, B. B. Wilson, Robert H. Mickler, Griffin S. Wilson, F. C. Gilmore, and Fred T. Myers; and it appearing by said evidence that the said R. B. Carpenter was doing business at date of his adjudication as bankrupt in the firm name of the Red Grocery Company, and that he had been engaged in same line of business since 1895 under said firm name of Red Grocery Company, purchasing goods and merchandise, and conducting his business under said firm name, thus holding himself up to the public as a firm, and there being no evidence that any creditor had any knowledge it was not a firm, it is considered and adjudged by the court that he is not entitled to exemptions claimed out of the personal property owned by him at date of his adjudication as bankrupt, and that the judgment of the referee herein denying the claim of bankrupt to exemptions is hereby affirmed; to which ruling and declaration the bankrupt, by his attorney, excepted, and gives notice of his application to the circuit court of appeals for the Fifth circuit to revise and superintend the judgment herein rendered. Done at Pensacola, Florida, this first day of April, 1901.

"Chas. Swayne, Judge."

It is clear from the language of the foregoing order that the judge found that the property in question was owned by the bankrupt

at the date of his adjudication to be a bankrupt, for he says: "It is considered and adjudged by the court that he [the bankrupt] is not entitled to exemptions claimed out of the personal property owned by him at date of his adjudication as bankrupt, and that the judgment of the referee herein denying the claim of bankrupt to exemptions is hereby affirmed." He had referred to the evidence improperly considered by the referee, and to the testimony of the various witnesses which the court considered as bearing on, and pertinent to, the issue, and then says: "And it appearing by said evidence that the said R. B. Carpenter was doing business at date of his adjudication as bankrupt in the firm name of the Red Grocery Company, and that he had been engaged in same line of business since 1895 under said firm name of Red Grocery Company, purchasing goods and merchandise, and conducting his business under said firm name, thus holding himself up to the public as a firm, and there being no evidence that any creditor had any knowledge it was not a firm," he pronounces judgment as given above. It is manifest that the judge found, as he must necessarily have found from the proof, that the Red Grocery Company was not a firm, but that R. B. Carpenter, the bankrupt, was the sole proprietor, doing business under that name, which the judge called a "firm name," and he concludes as matter of law that the doing business under a name not the true name of the trader is to hold himself out to the public as a firm. In our opinion, the learned judge erred in this conclusion of law. It is not disputed that the constitutional provision in reference to exemptions is as claimed by the bankrupt. Const. Fla. art. 10, § 1. It is not disputed that the bankrupt is a person entitled to claim the exemptions provided in that article of the constitution. It is not suggested that there is any statute in Florida prohibiting the citizens of that state from using a fictitious name under which to do business therein. It is matter of common knowledge that where no such statute exists many persons do business in that way under an assumed name which would be appropriate for a firm. But there can be no such thing as a partnership with only one member. Stirling v. Heintzman (Mich.) 4 N. W. 165; Brennan v. Pardridge (Mich.) 35 N. W. 85. There is no presumption of law or fact that any firm name includes any number of persons more than one. Robinson v. Magarity, 28 Ill. 426.

The provisions of the constitution of Florida with reference to exemptions are liberally construed in that state, so much so that a waiver of any benefit of exemption laws, or an agreement that all the debtor's property shall be subject to levy and sale, contained in a promissory note, is inoperative as against the policy of the exemption laws. Carter's Adm'rs v. Carter, 20 Fla. 558, 5 Am. Rep. 618.

If the doing business under the name of the "Red Grocery Company" tended to prove, when standing alone, that the business was that of a partnership (which it does not, in our opinion), it certainly would not deprive a citizen who was the sole owner of the business and the goods engaged in the trade of claiming the benefit of the exemptions secured by the constitution of Florida. If that fact

109 F.—36

alone raised the conclusive presumption of fraud against a trader in his dealings with persons from whom he purchased goods on a credit (which it clearly does not), a creditor might obtain judgment in an action for the fraud, obtaining property by false pretenses or false representations, which would be exempt from the operation of a discharge in bankruptcy, so that such a discharge would not release the bankrupt from liability therefor.

We conclude that for the error indicated the judgment of the district court in bankruptcy must be reversed, the exception of the creditor to the report of the trustee setting aside to the bankrupt his exemptions under the constitution of Florida should be overruled, and the action and report of the trustee in reference thereto confirmed.