## In re RIPPA.

(District Court, S. D. Florida. June 29, 1909.)

**1.** BANKRUPTCY (§ 396*)—EXEMPTION—NATURE OF LAW.

The law of homestead exemption is strictly a state law, applicable in bankruptcy as well as in local litigation.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 668; Dec. Dig. § 396.*]

**2.** HOMESTEAD (§ 5*)—EXEMPTION—CONSTRUCTION OF LAW.

The homestead exemption law, being one of public benefits, is entitled to such liberal construction as will protect the community, without encouraging dishonesty or fraud.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 7; Dec. Dig. § 5.*]

**3.** BANKRUPTCY (§ 400*)—EXEMPTIONS—BURDEN OF PROOF.

One objecting to the allowance of a bankrupt's exemption must show affirmatively that bankrupt was not entitled to claim the property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 674; Dec. Dig. § 400.*]

**4.** BANKRUPTCY (§ 400*)—EXEMPTIONS—PLEADING.

Under the Florida statutes (Rev. St. 1892, §§ 2003, 2007), requiring an execution debtor who claims exemptions to point out all his personalty and verify an inventory thereof, and authorizing suit to ascertain omitted property, property claimed as exempt in bankruptcy being presumed to have been paid for, a pleading contesting bankrupt's right to claim an exemption on the ground that the property had not been paid for must be verified.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 674; Dec. Dig. § 400.*]

**5.** BANKRUPTCY (§ 399*)—EXEMPTIONS—COMMINGLED GOODS.

An allowance of exemptions in bankruptcy out of a stock of goods cannot be defeated on the theory that the stock, being made up by commingling goods paid for with goods not paid for, must be treated as a unit, and that, since it is not all paid for, no part of it can be exempted, or that, since the assets are less than the liabilities, presumably nothing has been paid for.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 669; Dec. Dig. § 399.*]

**6.** BANKRUPTCY (§ 400*)—EXEMPTIONS—RIGHTS OF CREDITORS.

On a bankrupt's claim of exemptions out of a stock of goods, creditors, objecting that certain shoes were unpaid for, should have an opportunity to point out such shoes.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 672; Dec. Dig. § 400.*]

**7.** EVIDENCE (§ 568*)—OPINIONS—KNOWLEDGE OF WITNESS—EXEMPTIONS—ALLOWANCE.

On allowance of a bankrupt's exemptions, opinions by representatives of creditors as to the value of a stock of goods, based on casual observation, cannot be considered sufficient to defeat the bankrupt's rights.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2392–2394; Dec. Dig. § 568.*]

In the matter of Abe Rippa, bankrupt. On certificate of review from decision of referee. Referred back, with directions.

F. M. Simonton, for creditors.

E. M. Semple, for bankrupt.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LOCKE, District Judge. The law of homestead exemption is strictly a state law, applicable as well in bankruptcy as in local litigation. A creditor has no greater rights against his debtor because he lives a thousand miles away than if he lived in the next town; nor does the debtor lose any rights under the state law giving him a homestead exemption, by being a bankrupt, that he might have under the enforcement of an execution by the sheriff of his county. The convenience or inconvenience of complying with the law should have no weight in determining the rights of the parties.

In this state the law provides that a debtor is entitled to $1,000 worth of personal property, regardless of character, save and except that no property is exempt from the payment of the purchase money; and the principal question involved in this case is whether the burden is upon the bankrupt, when a creditor objects to the allowance of an exemption on the ground that the purchase money had not been paid, to affirmatively prove that the purchase money therefor had been paid.

It is contended, following the decisions of some courts of other states, that the burden of proof is upon the bankrupt to prove that each and every article claimed as exempt has been fully paid for, and that any creditor, regardless of the nature of his claim, or any knowledge of the payment, can put the bankrupt to such affirmative proof by simply denying that the purchase price has been paid.

Construing the homestead laws of this state, the Supreme Court of Florida, in Camp v. Wullen, 46 Fla. 498, 35 South. 399, say:

"Section 2003 of the Revised Statutes of 1892 requires the party, when a levy is made upon his personal property and he desires to have the officer set apart his exemption, to point out the whole of his personal property to the officer, and the officer is required to make an inventory of such property, which the party is required to verify by affidavit. The officer is then required to summon appraisers, and after the appraisement the party is entitled to select from the inventory $1,000 worth of the property as exempt, and in case he fails to do so the officer selects for him. If the party fails to point out the whole of his personal property, or to include a portion thereof in his inventory, and conceals some, as is alleged in this bill, which the motion to dissolve does not deny, then, under section 2007, Rev. St., the jurisdiction of a court of equity may be invoked to ascertain the property omitted, and to determine what property shall be set apart as exempt, and pending the proceedings it is entirely proper to enjoin the sheriff from setting apart as exempt any personal property which has been levied upon."

The Circuit Court of Appeals of the Fifth Circuit, in construing the exemption laws of this state in Re Carpenter, 109 Fed. 558, 48 C. C. A. 545, say:

"The provisions of the Constitution of Florida with reference to exemptions are liberally construed in that state, so much so that a waiver of any benefit of exemption laws or an agreement that all the debtor's property shall be subject to levy and sale, contained in a promissory note, is inoperative as against the policy of the exemption laws."

The homestead exemption is a law of public benefits, and is entitled to such a liberal construction as will protect the community, yet not encourage dishonesty or fraud. Construing the law of this state liberally, in view of the decisions of the Supreme Court of this state and the recognized policy embraced in their construction of the law, it would appear that the filing by the bankrupt of a sworn schedule of

all his property takes the place of pointing it out to the sheriff, and the oath required in the state practice, and that, upon the bankrupt filing such sworn list of his property and having the same appraised and selecting that portion he claims exempt, he has complied with the provisions of the law, and under the law of this state the burden is upon any one objecting to the allowance to show affirmatively that he is not entitled to claim the property as exempt. It certainly would appear no greater hardship for the creditor to show this fact in the bankruptcy proceedings than the creditor in the state court to maintain the necessary allegations of his bill in equity.

The numerous authorities cited have been examined; but it is considered they can have no bearing upon the construction and practice under the Florida law where the policy of the state in that regard is so well established and recognized. Under this law, the presumption is that the property claimed as exempt has been paid for and requires a formal bill to contest such presumption, and although it is not considered necessary that a formal bill should be filed to contest such point in bankruptcy, yet it is required that any pleading alleging a matter of fact must be verified under oath.

The numerous contentions that a stock of goods, made up by commingling goods paid for with goods not paid for, must be treated as a unit, and, inasmuch as it is not all paid for, none of it can be exempted, or, since the assets are less than the liabilities, the presumption is that nothing has been paid for, simply tends to completely defeat the homestead laws and do away with the benefits derived therefrom, and cannot be accepted. It can be no greater hardship on the creditor to show what items sold to the bankrupt have not been paid for, according to the credits given him, than it is for the bankrupt to show that they have been paid for. And certainly, where running accounts between wholesaler and retailer have been continuing for years, with the creditor having the right to apply payments as he chooses, does so apply them, it is not as difficult for the creditor to determine which of the goods sold the bankrupt has not been fully paid for as it is for the bankrupt.

In this case it appears that some 180 yards of Panama sheeting and 57¾ yards of Paragon sheeting, claimed as exempt, have been disallowed by the referee. It further appears that "about 174 pairs of shoes, valued at about $160," have not been paid for; but there is no evidence of the exact number or value, or that they were so identified by the witness that they could be separated from the other property claimed as exempt. It is considered that the creditors owning these shoes, or their agent, should have an opportunity to point out the shoes not paid for, and the matter will be returned to the referee to permit such further proof and selection.

It is contended that the referee should have found that the bankrupt had concealed large amounts of personal property, which should be considered as claimed by him as exempt, which would reduce or defeat his right to claim the articles set apart to him by the trustee. It appears that this exception has reference to certain articles of furniture, bought in whole or in part under contracts in which the title was reserved in the seller until paid for; that they had not been fully

paid for, but had been bought in the name of the bankrupt's wife, and claimed by him to be her property. While the testimony in this regard is not clear, it is not considered that the evidence so clearly shows that this claim of the bankrupt is not true as would justify the court in overruling the finding of fact by the referee. It is true there is testimony raising suspicions as to payments on other property, but nothing under the law of the state sufficiently certain to defeat the exemption. The opinion of the representatives of certain creditors as to the value of stocks of goods, simply upon a casual observation, without a more careful examination than appears to have been made in this case, cannot be accepted to defeat the rights of the bankrupt.

The cause will be referred back to the referee, to proceed in accordance with this opinion.