AMERICAN LOAN & TRUST CO. v. CLARK et al.

(Circuit Court of Appeals, Eighth Circuit. September 7, 1897.)

No. 857.

PARTIES ON APPEAL—DEFAULTING DEFENDANTS.

All parties to a suit or proceeding who appear from the record to have an interest in the order, judgment, or decree challenged in the appellate court must be given an opportunity to be heard there before that court will proceed to a decision upon the merits of the case, even though they were made parties in the court below, and defaulted in appearance.

Appeal from the Circuit Court of the United States for the District of Nebraska.

Edward W. Sheldon, for appellant.

W. R. Kelly, for appellees.

Before THAYER, Circuit Judge, and RINER, District Judge.

RINER, District Judge. Upon a bill filed for that purpose by Oliver Ames, Second, and others, in the circuit court of the United States for the district of Nebraska, and in the circuit courts of other districts through which the railway lines of the Union Pacific Railway system as then constituted extended, Silas H. H. Clark, Oliver W. Mink, E. Ellery Anderson, John W. Doane, and Frederic R. Coudert, the appellees, were in October and November, 1893, appointed receivers of the Union Pacific System, which included, in addition to the lines of railway and property of the Union Pacific Railway Company, the lines of railway and property of the Denver, Leadville & Gunnison Railway Company and several other corporations. The receivers above named continued to operate the Denver, Leadville & Gunnison Railway as a part of the Union Pacific System until the 7th day of August, 1894, when they surrendered possession of the property to Frank Trumbull, who had been appointed receiver of the property by the circuit court for the district of Colorado in a foreclosure suit brought by the American Loan & Trust Company, as trustee, against the Denver, Leadville & Gunnison Railway Company. On June 26, 1894, the receivers of the Union Pacific System filed a petition in the circuit court praying for instructions as to the continuance by them of the operation of the lines of railway owned by certain of the defendants named in the original bill in the Ames Case, and included in the Union Pacific System, whose earnings were represented to be insufficient to pay their operating expenses and taxes, the Denver, Leadville & Gunnison Railway Company being one of the lines mentioned. The court directed service of the petition to be made upon the parties interested, including the appellant and the Denver, Leadville & Gunnison Railway Company, and set the cause down for hearing. At the hearing an order of reference to the special master was made directing him, among other things, to "take and state the accounts of the said receivers with the Denver, Leadville & Gunnison Railway and ascertain the amount of the deficiency arising out of the operation of the said railway as of the 7th day of August, 1894. On such hearing, the officers of the Denver, Leadville & Gunnison Railway Company, the American

Loan & Trust Company, the trustee of the mortgage of August 1, 1889, made by the said railway company, may appear and contest any item contained in said account, and the said master shall report the amount of the deficiency ascertained after said accounting, and shall report the railroad or railroads or parts or divisions of railroads against which the deficiency so incurred should be charged, and the proper proportions for the distribution of such charge, and also what, if any, portion of such deficiency, should be charged as a lien against the property of the Denver, Leadville & Gunnison Railway Company, and whether the charge, if any, so to be made, should be prior in point of time to the lien of the said mortgage of the American Loan & Trust Company, dated August 1, 1889, and the surrender and delivery of the property of the said railway company hereinafter ordered is made subject to the lien and charge of any deficiency resulting from the operation of the said railway by the receivers which shall be adjudged to exist upon the final hearing upon the said report of the master." Hearings were had before the master, who found that the deficiency arising from the operation of the Denver, Leadville & Gunnison Railway from October 13, 1893, to August 7, 1894, was $207,201.83, and that the receivers of the Union Pacific System had turned over to the receiver of the Denver, Leadville & Gunnison Railway Company $48,870.15 worth of supplies, and recommended that the amounts for the deficiency and supplies be charged as a first lien on the property, in priority to the lien of the mortgage to the appellant. The American Loan & Trust Company filed exceptions to this report. May 9, 1896, the exceptions of the American Loan & Trust Company and the evidence taken before the master, together with his report, were submitted to the court. The court modified the findings of the master as to two items contained in his report, and decreed the amount of the deficiency resulting from the operation of the property to be $192,630.17, which, with interest at the rate of 8 per cent. per annum from August 7, 1894, "constitutes a lien in favor of said receivers upon the property of the Denver, Leadville & Gunnison Railway Company, prior in right and superior in equity to the mortgage thereon dated August 1, 1889, and to all other liens and incumbrances upon said property, and should be enforced in the decree of foreclosure of said mortgage to be entered in the district of Colorado." It further decreed "that Frank Trumbull, the present receiver of said property, is indebted to the five receivers, appellees herein, in the sum of $48,870.15, with interest from August 7, 1894, at the rate of eight per cent. per annum, for materials and supplies furnished by them to him for use in the operation of the railroads of that company when they surrendered the same to him, on August 7, 1894; and that said amount and interest constitutes and is a lien upon the income derived from the operation of the said railroads of said company, and upon all the property of said company, prior in right and superior in equity to that of the said mortgage, and should be enforced in the decree of foreclosure thereof to be entered in the district of Colorado." The opinion of the court below is reported in 74 Fed. 335. From this decree the American Loan & Trust Company appealed to this court. The citation was directed to and served upon "Silas H. H.

Clark, Oliver W. Mink, E. Ellery Anderson, John W. Doane, and Frederic R. Coudert, as receivers of the property of the Union Pacific Railway Company, and said the Union Pacific Railway Company," and the bond on appeal was to the parties named in the citation.

The appellees, Clark and others, receivers, and the Union Pacific Railway Company, have filed motions to dismiss the appeal, on the ground that the Denver, Leadville & Gunnison Railway Company and Frank Trumbull, as receiver, are not made parties to the appeal, and that therefore this court does not have before it the parties whose interests are directly involved, and whose presence is necessary to the proper disposition of the questions upon which the judgment of this court is asked. The appellant contends that the Denver, Leadville & Gunnison Railway Company is not a necessary party to this appeal, for the reasons (1) that, although it was made a party to the original petition of the receivers for instructions, and was duly served with notice, it did not answer that petition, nor appear on its return, nor before the master on any of the hearings before him, nor except to his findings, nor appear in the circuit court on the final hearing; (2) that the decree from which the present appeal was taken was not a joint decree against the Denver, Leadville & Gunnison Railway Company and the American Loan & Trust Company; and (3) that even if the decree had been joint, the proceedings in the court below operated as a summons and severance.

In support of the first proposition our attention has been called to the case of Bank v. Perry, decided by this court February 18, 1895, and reported in 32 U. S. App. 15, 14 C. C. A. 273, and 66 Fed. 887. That was a case where an error existed in the record, and the circuit court, upon application of one of the parties, made an order amending and correcting its record to conform to the facts. As stated by Judge Thayer in the opinion of the court in that case:

"The record was false in point of fact, and the circuit court so found, in that it recited that Lane, Kent, and Kelley had appeared and defended the suit, and that the court had actually rendered a judgment in their favor, whereas Lane and Kent had not even been served with process, and the court had not tried any issue as between the plaintiff bank and either of said three defendants, and had not rendered a judgment in favor of either of them. The judgment actually spread of record was the act of the clerk, and in no sense the act of the court. Such mistakes, we think, are clearly subject to correction within any reasonable period of time."

In that case the parties named had not been served with process, were not before the court, no issue, so far as they were concerned, had been considered by the court, and no judgment rendered for or against them. The case was altogether a different case in its facts from the case at bar, and does not support the contention of counsel.

It is, however, insisted that the decree appealed from was not a joint decree against the Denver, Leadville & Gunnison Railway Company and the American Loan & Trust Company, and hence the Denver, Leadville & Gunnison Railway Company was not a necessary party to the appeal. The liability sought to be enforced was primarily the liability of the Denver, Leadville & Gunnison Railway Company for a deficiency arising from the operation of its road, and by the decree this charge was made a lien against its property, prior in

right and superior in equity to the appellant's mortgage. The circuit court had the right to adjudicate the questions presented by the petition between the parties interested in this property, for the reason that they had been made parties to the proceeding, and had been duly served with notice. The appellant now seeks to set aside the decree of the circuit court, and to have this court adjudicate anew the questions decided by the circuit court, without bringing before the court all of the parties whose rights are to be passed upon. This, by repeated adjudication, it cannot do. As stated in the case of Dodson v. Fletcher, 49 U. S. App. 61, 24 C. C. A. 69, and 78 Fed. 214, "all the parties to a suit or proceeding who appear from the record to have an interest in the order, judgment, or decree challenged in the appellate court must be given an opportunity to be heard there before that court will proceed to a decision upon the merits of the case." See, also, Masterson v. Herndon, 10 Wall. 416; Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. 39; Davis v. Trust Co., 152 U. S. 590, 14 Sup. Ct. 693; Gray v. Havemeyer, 3 C. C. A. 497, 53 Fed. 174. That the Denver, Leadville & Gunnison Railway Company has an interest in the decree appealed from, there can be no doubt. The decree makes this deficiency arising from the operation of its lines a direct charge against its property, and declares it to be a lien in priority to the mortgage held by the appellant upon the same property, and thereby necessarily increases by the amount so paid the deficiency for which the mortgagor will remain personally liable after the sale of the property if it is insufficient to satisfy the mortgage debt.

The contention was made at the argument that, even though the court considered the decree a joint decree, the proceedings in the court below operated as a summons and severance, and our attention is called to the case of Trust Co. v. McClure (recently decided by this court) 49 U. S. App. 46, 24 C. C. A. 66–69, and 78 Fed. 211. We think that case is clearly distinguishable from the case at bar. True, there was no formal notice to the railway company to appear in that case, and take part in the appeal; but the railway company did appear, and moved to set aside the appeal which had been allowed in its behalf, and the court said:

"There was no formal notice to the Stuttgart and Arkansas River Railroad Company to appear in this case and take part in this appeal, but that railroad did appear and moved to set aside the appeal which had been allowed on its behalf. The order which it thus obtained, showing, as it does, the appearance of the railroad company in the court below to set aside the allowance of its appeal, shows as conclusively its knowledge of the appeal, and its refusal to join in or proceed with it, as a formal notice and flat refusal to proceed could have done."

We think the Denver, Leadville & Gunnison Railway Company was a necessary party to this appeal, and, as it had no notice of its hearing, the appeal must be dismissed. This disposes of the motion to dismiss, and renders it unnecessary for us to consider or decide whether Frank Trumbull, the present receiver, was a necessary party. The appeal is dismissed.