### In re DICKINSON.
#### No. 1741.

District Court, D. Wyoming.
Dec. 21, 1934.

F. A. Little, of Greybull, Wyo., for debtor.

Winston S. Howard, of Greybull, Wyo., for Andrew A. Kershner.

KENNEDY, District Judge.

The above-entitled proceeding is before the court upon a motion by Andrew A. Kershner to dissolve a temporary restraining order. The controversy grows out of the following facts, which are not in dispute: On February 5, 1929, Dickinson, the debtor, with his wife, executed and delivered to Kershner a note with interest for $800 due in five years secured by a mortgage on certain real estate located in Big Horn county, Wyo. Dickinson became in default as to the payment of annual interest and the principal at the maturity dates, resulting in a foreclosure proceeding by advertisement on the part of the mortgagee commenced on March 22, 1934, and resulting in the sale of the premises under foreclosure by the sheriff of the county on April 16, 1934. At such sale the mortgagee became the purchaser of the property and received a certificate to that effect from the sheriff, which certificate was duly filed in the office of the county clerk. Shortly before October 16, 1934, the mortgagor as owner of the property was notified that, if having failed to redeem within six months as provided by the statute (section 89-2967, Wyo. Rev. St. 1931), possession of the premises would be demanded by the purchaser. Dickinson failed to redeem said premises within the statutory period of redemption, the last day for which was October 16, 1934, and on October 17, 1934, filed in this court a petition under section 75 of the Bankruptcy Act, as amended (11 USCA § 203), seeking to effect a composition or an extension of time to pay his debts. The matter was referred to the regularly appointed and qualified conciliation commissioner for Big Horn county on November 13, 1934. On November 19, 1934, the mortgagee as the purchaser of said premises commenced an action in forcible entry and detainer in a justice of the peace court in and for the county of Big Horn to recover possession of the premises from the mortgagor and debtor. Application was thereupon made by the debtor for the order of this court restraining the purchaser from further prosecuting the cause in the justice court. This court thereupon issued a temporary restraining order in accordance with the prayer and said application, and providing that the purchaser might within a specified time thereafter present his motion for a dissolution of the restraining order, should he feel aggrieved by the action of the court. In due time such motion as before stated was filed, and, on account of the distance from the seat of the court, counsel were permitted to submit their opposing contentions through written trial briefs. Such briefs have been filed and are now before the court.

In passing, it may be noted that the attorney for the petitioning debtor claims to have sent to the clerk prior to October 17, 1934, a petition in bankruptcy prepared on forms and blanks adapted and specified for use in regular bankruptcy proceedings, with a notation thereon which indicated the desire of the petitioner to take advantage of section 75, as amended, and that the clerk of the court returned the petition to the attorney, with the advice that it was not prepared in proper form, and that, if counsel desired to take advantage of section 75, it should be prepared in the form and manner provided for the purpose. Counsel having sent a remittance of $30 which is the required fee in general bankruptcy, while the clerk's filing fee under section 75, as amended, is only $10, that official was unable to determine definitely what the desire of counsel was in the matter of invoking the Bankruptcy Act. A new petition was thereupon prepared and filed with the clerk on October 17th, some eight days later, using the proper forms provided in case the petitioner intended to invoke the provisions of section 75. Assuming that the filing of the petition as late as October 17th has jeopardized the rights of the debtor-petitioner, his counsel by affidavit on file seeks to throw some responsibility upon the clerk for his failure to accept and file the original petition. The clerk acted properly and quite within his rights in returning the original petition. Counsel on both sides have evidently failed to familiarize themselves with the amended bankruptcy law, assuming that it was passed in June, 1934, while as a matter of fact section 75 became a law on March 3, 1933, although some amendments were subsequently added, one being in June, 1934, which did not change the substantial features of the act itself. As a matter of fact, the Supreme Court on April 17, 1933, adopted forms to be used by a debtor in invoking the provisions of section 75. It would seem, under these circumstances, that coun-

sel presuming to represent clients would in the nature of things prepare themselves for the task by at least reading the act itself and the rules and regulations thereunder. In the opinion of the court, however, the delayed date in filing the petition in proper form is not material in the decision of the matter here in controversy.

The petition of the debtor as before stated was filed on October 17, 1934, and the proceeding in forcible entry and detainer was instituted on November 19, 1934, which situation presents the question as to whether or not the latter is a proceeding which is forbidden under section 75. This must be determined in the light of the provisions of that section. Section 75, subd. (o), as amended, 11 USCA § 203 (o), reads as follows:

"(o) Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings shall not be instituted, or if instituted at any time prior to the filing of a petition under this section, shall not be maintained, in any court or otherwise, against the farmer or his property, at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court:

"(1) Proceedings for any demand, debt, or account, including any money demand;

"(2) Proceedings for foreclosure of a mortgage on land, or for cancellation, rescission, or specific performance of an agreement for sale of land or for recovery of possession of land;

"(3) Proceedings to acquire title to land by virtue of any tax sale;

"(4) Proceedings by way of execution, attachment, or garnishment;

"(5) Proceedings to sell land under or in satisfaction of any judgment or mechanic's lien; and

"(6) Seizure, distress, sale, or other proceedings under an execution or under any lease, lien, chattel mortgage, conditional sale agreement, crop payment agreement, or mortgage."

It is apparent that by this provision certain suits and proceedings are prohibited after the filing of the petition and forbidden to be maintained if instituted before, except upon order of the judge after hearing and report by the conciliation commissioner. Under paragraph 2 of subdivision (o), above quoted, it will be noted that a proceeding for the recovery of the possession of land is pro-

hibited. A proceeding of forcible entry and detainer is strictly a proceeding to recover possession of real estate. Section 62-1701, Wyoming Rev. St. 1931. Section 89-2967, Wyo. Rev. St., gives the person whose lands have been sold the right to redeem within six months from the date of the sale. Section 62-1702, par. 3, purports to give a purchaser at a sale of mortgaged premises under a power of sale the right to invoke the forcible entry and detainer statute if he has previously duly demanded possession of the premises.

In view of what appears in section 75 of the Bankruptcy Act, as amended, subd. (o), par. 2, I am of the opinion that the matter of the recovery of premises of the debtor after foreclosure is what Congress may have had in mind in using language concerning the recovery of the possession of land. It would follow, therefore, that the restraining order of this court was properly and providently granted.

The provision of the statute referred to was evidently intended to hold in status quo all the affairs of the debtor who has invoked the act until the entire matter could be disposed of by the bankruptcy court in consonance with the terms of the act. This applies as well to the possession by the debtor of lands and property as well as all other rights, imaginary or real, which he may have in regard to the property, and the bankruptcy court draws to it controversies of every nature. The reference to, and control by, the conciliation commissioner, is akin to that of a trustee in bankruptcy within its limitations. While the proceeding at bar is one under a section granting certain rights differing in their nature from those provided under the general Bankruptcy Act, yet it is nevertheless a proceeding in bankruptcy, and must be treated as such. The almost unlimited scope of a proceeding before a court under the general Bankruptcy Act (11 USCA) is forcefully expressed in the language of Mr. Justice Roberts in Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, at pages 737, 738, 51 S. Ct. 270, 271, 75 L. Ed. 645:

"Upon adjudication, title to the bankrupt's property vests in the trustee with actual or constructive possession, and is placed in the custody of the bankruptcy court. Mueller v. Nugent, 184 U. S. 1, 14, 22 S. Ct. 269, 46 L. Ed. 405. The title and right to possession of all property owned and possessed by the bankrupt vests in the trustee as of the date of the filing of the petition in bankruptcy, no matter whether situated within or with-

out the district in which the court sits. [Citing cases.] It follows that the bankruptcy court has exclusive jurisdiction to deal with the property of the bankrupt estate. It may order a sale of real estate lying outside the district. [Citing cases.] When this jurisdiction has attached, the court's possession cannot be affected by actions brought in other courts. [Citing cases.] This is but an application of the well-recognized rule that, when a court of competent jurisdiction takes possession of property through its officers, this withdraws the property from the jurisdiction of all other courts which, though of concurrent jurisdiction, may not disturb that possession; and that the court originally acquiring jurisdiction is competent to hear and determine all questions respecting title, possession, and control of the property. [Citing cases.] Thus, while valid liens existing at the time of the commencement of a bankruptcy proceeding are preserved, it is solely within the power of a court of bankruptcy to ascertain their validity and amount and to decree the method of their liquidation."

Such a situation need not necessarily alarm the creditor, because under section 75, subd. (k), as amended, 11 USCA § 203 (k), the rights and liens of secured creditors are not impaired upon a composition or extension except as to the method and time of liquidation.

In any event, it is my conception of the amended act that the right to determine any controversy between the parties here rests in the bankruptcy court alone, and not in any other tribunal. Suffice it to say that such a matter is not presented to this court at this time, but what is before the court is solely the question as to whether or not the justice court has the right and authority to entertain the suit to restore to the purchaser the premises occupied by the debtor after the time his petition was filed under section 75, as amended. In this respect creditors and other persons under the terms of the act are apparently prohibited from litigating their controversies with the debtor elsewhere than in the bankruptcy court except on specific authority of the judge of that court, and then only after a hearing and report by the conciliation commissioner.

For the reasons stated, the motion to dissolve the restraining order is overruled and denied, and said restraining order may remain in full force and effect until the further order of this court. An order may be prepared and entered in harmony with the above conclusion, reserving to the movant his exception.