**In re KNOX–POWELL–STOCKTON CO., Inc., Limited.**

**UNITED STATES v. STATE OF CALI-FORNIA et al.**

**No. 8673.**

Circuit Court of Appeals, Ninth Circuit, May 27, 1938.

James W. Morris, Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and Lester L. Gibson, Sp. Assts. to Atty. Gen., and Benjamin Harrison, U. S. Atty., E. H. Mitchell, Asst. U. S. Atty., Alva C. Baird, Sp. Asst. to U. S. Atty., and Eugene Harpole, Sp. Atty., U. S. Treasury Dept., all of Los Angeles, Cal., for the United States.

U. S. Webb, Atty. Gen., and John O. Palstine, Deputy Atty. Gen., State of California, for appellees.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from an order of the District Court confirming an order of a referee in bankruptcy. The referee's order was made after a hearing upon objections filed by the trustee in bankruptcy to certain claims against the bankrupt's estate. The order recites that the adverse interests had notice and were represented at the hearing. Ten separate claims were affected by the order. As to eight claims the full amount was allowed; as to one partial payment was directed, and one was disallowed. The order established the respective priorities of the claims involved. A claim of Galen H. Welch, Collector of Internal Revenue, in the sum of $34,109.11 for income taxes due the United States was "allowed as a prior claim under the provisions of Section 64b, subsection 6 of the Bankruptcy Act of 1898 as amended [11 U.S.C.A. § 104 (b) (6)] * * *" and the trustee was directed to pay to the Collector all sums remaining in his possession after the payment of the other eight claims as allowed. The remainder of the claims allowed were of two classes: "prior lien claims" for taxes, and "expenses of administration." Of the claims designated "prior lien claims" several were filed by the State of California for taxes due to it: one in the amount of $519.32 and a second in the amount of $33.34. It appears from the

statement of evidence that the total assets in the estate are $8,900.

May 7, 1937, the United States petitioned the District Court for an allowance of an appeal from its order confirming the order of the referee. On the same day the United States filed an assignment of errors. Two alleged errors were set out, both of which are bottomed on the contention that the claim of the United States is entitled to payment in full before payment is made on the claims of the State of California "and its political subdivisions." May 8, 1937 the District Court ordered the appeal allowed. On the same day the District Judge issued a citation directed "To Attorney General, State of California and to John Gilbert, Attorney for Trustee in Bankruptcy" admonishing them to appear in this court and show cause why the order should not be corrected. On May 10, 1937, service of a copy of the citation was acknowledged, both by the attorney for the trustee and by the Attorney General of the State of California, and on the same day the citation was filed with the Clerk of the District Court. So far as appears none of the other parties whose claims were settled by the order appealed from were served with a citation. Nor have they voluntarily appeared in this court or otherwise waived notice of the appeal.

The claimants whose claims were adjudicated by the order appealed from were necessary parties to the appeal and in default of service upon them this court cannot proceed with the appeal. 28 U.S.C.A. §§ 861a, 867. Modification of the order appealed from could result either in a decrease in what the other claimants would receive, or in their receiving nothing. Wake Development Co. v. Auburn-Fuller Co., 9 Cir., 1934, 71 F.2d 706, and cases cited; Illinois Trust & Savings Bank v. Kilbourne, 9 Cir., 1896, 76 F. 883; American Loan & Trust Co. v. Clark, 8 Cir., 1897, 83 F. 230. This court has discretion in such a case as this to authorize issuance of a citation. Browning v. Boswell, 4 Cir., 1913, 209 F. 788, 790; Knickerbocker Life Ins. Co. v. Pendleton, 115 U.S. 339, 6 S.Ct. 74, 29 L.Ed. 432; Wake Development Co. v. Auburn-Fuller Co., supra.

The submission of this matter on the merits is vacated with directions to the Clerk of this Court to issue a citation on appeal to the claimants provided application is made therefor within ten days.