## In re WILKINSON.
### No. 6827.

District Court, W. D. Oklahoma.

Oct. 20, 1938.

Everett Rauh, of Alva, Okl., for bankrupt.

Hadwiger & Hadwiger, of Alva, Okl., and Donald I. Mitchell, of Wichita, Kan., for Federal Land Bank of Wichita.

VAUGHT, District Judge.

In the above case, it appears that certain property belonging to the bankrupt is not agricultural property but consists of city property and the question has been submitted to the court, whether under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, the District Court takes jurisdiction of all of the debtor's property, including both real and personal property in no wise connected with farming operations, such as city property, or, is the jurisdiction of the court under such section confined to that real and personal property used in conducting the farming operations, producing the income which is derived from farming operations, or which is, in itself, of a nature that is commonly termed or classified as farm property?

Subsection (n) of Section 75, Chapter 8 of the Bankruptcy Act as amended by the 73rd and 74th Congresses, 11 U.S.C.A. § 203(n), provides in part as follows: "The filing of a petition or answer with the clerk of court, or leaving it with the conciliation commissioner for the purpose of forwarding same to the clerk of court, praying for relief under section 75 of this Act, as amended [this section], shall immediately subject the farmer *and all his property,* wherever located, for all the purposes of this section, to the exclusive jurisdiction of the court, including all real or personal property, or any equity or right in any such property, including, among others, contracts for purchase, contracts for deed, or conditional sales contracts, the right or the equity of redemption where the period of redemption has not or had not expired, or where a deed of trust has been given as security, or where the sale has not or had not been confirmed, or where deed had not been delivered, at the time of filing the petition."

An examination of this Act, together with a history of the legislation as contained in the report of the Judiciary Committee in the Senate, convinces the court beyond question that it was the intention that all the farmer's property should be subjected to the jurisdiction of the bankruptcy court.

I therefore hold in this case that the court has jurisdiction of all property of this debtor wherever located, including residence or city property.

An order consistent with the foregoing memorandum opinion may be submitted.