## MILLER *v.* HATFIELD, TRUSTEE IN FARMER DEBTOR BANKRUPTCY, ET AL.

No. 237. Argued January 5, 1940.—Decided January 15, 1940.

*Mr. Elmer McClain* for petitioner.

*Mr. Kent W. Hughes,* with whom *Mr. H. E. Garling* was on the brief, for respondents.

PER CURIAM.

This proceeding was instituted by a farmer-debtor pursuant to § 75 of the Bankruptcy Act. Under an order of the District Court, approving an order of the conciliation commissioner, petitioner's farm was sold to one of the co-trustees of a mortgage upon the property and the sale was confirmed by the District Court.

A petition for rehearing was denied. Upon appeal to the Circuit Court of Appeals, that court found that the purchaser at the sale was not a party to the appeal and

1

dismissed it. Petitioner sought a rehearing upon the ground that the purchaser had actual notice of the appeal and had appeared in the Court of Appeals joining in an objection to an enlargement of time for filing the record and also seeking appointment of a receiver or an additional supersedeas bond. Petitioner also asked that if it be considered that the purchaser was not already before the court, a citation should be issued to bring him in. The Court of Appeals denied both applications. Certiorari was granted, 308 U. S. 534.

We are of the opinion that the action of the Court of Appeals was erroneous. If the court deemed the purchaser to be a necessary party and not before the court, the motion to issue a citation to him should have been granted. R. S. 954, 28 U. S. C. 777. *Dodge* v. *Knowles,* 114 U. S. 430, 438; *Knickerbocker Life Insurance Co.* v. *Pendleton,* 115 U. S. 339; *In re Knox-Powell-Stockton Co.,* 97 F. 2d 61.

The decree is reversed and the cause is remanded to the Circuit Court of Appeals for further proceedings in conformity with this opinion.

*Reversed.*