**PENWELL et al. v. NEWLAND et al.**

No. 12271.

United States Court of Appeals
Ninth Circuit.

Feb. 21, 1950.

---

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, George D. Webster, Francis W. Sams and L. W. Post, Washington, D. C., John B. Tansil, U. S. Atty., Billings, Mont., Harlow Pease, Asst. U. S. Atty., Butte, Mont., and Emmett C. Angland, Asst. U. S. Atty., Great Falls, Mont., for appellants.

T. J. Davis and L. C. Myers, Butte, Montana, for appellees.

Before DENMAN, Chief Judge, BONE, Circuit Judge, and McCORMICK, District Judge.

DENMAN, Chief Judge.

In this case appellees' first act after receipt of a purported notice of appeal was to claim in their reply brief that this court is without jurisdiction to entertain it. At the same time, they filed a motion to dismiss the appeal. Petitioners filed an opposition citing two irrelevant cases not mentioned in the petition for rehearing. They also moved to substitute in the notice of appeal the names of the petitioners for that of the dead collector. Their more comprehensive petition for rehearing has lead to this opinion, deemed our opinion on our order dismissing the appeal.

The grounds stated for the motion to dismiss are (a) the appeal had not been taken by any party to the suit as required by Federal Rules of Civil Procedure, Rule 73(a), 28 U.S.C.A., providing that "a party may appeal from a judgment by filing with the district court a notice of appeal," and (b) that the notice of appeal does not specify the parties taking the appeal as required by Rule 73(b), providing "The notice of appeal shall specify the parties taking the appeal".

The purported appellants concede that neither requirement of Rule 73 was satisfied, the notice having been filed by Lewis Penwell, individually and as Collector of Internal Revenue, who had brought the suit but who had ceased to be a party by his death, the substitution of the executors of his estate as parties having been made over four months before the appeal was taken.

One of the contentions of the executors seems to be that appellees are estopped to raise the question of jurisdiction by failing to move at once to dismiss the appeal, pointing out that they would have been saved the cost of printing the record and opening brief here. There is no merit in this contention since jurisdiction cannot be created by estoppel. We regard the appellees' first required action, their reply brief and accompanying motion to dismiss, as action within proper time to raise the question then shown on the record.

The judgment was entered on February 7, 1949. The purported notice of appeal was filed on April 6, 1949, but two days before the time to appeal expired. Nothing further was done until May 13, 1949, when the executors obtained an ex parte order extending for 30 days the time to docket

the appeal, followed by a second ex parte order extending that time to June 14, 1949. They designated the entire record. As stated, the first action required of appellees was the filing of their reply brief, in which the jurisdictional question is raised.

■ It is also contended that the notice of appeal is valid because it advised appellees that somebody wanted to appeal from the judgment. So this would be true if the appeal had been taken in the name of Bill Jones or the Mayor of Oshkosh. The privilege of appeal is given only to a party to the action, not to a dead man no longer such a party.

The executors contend that the Fifth Circuit has held contra to our decision in Crump v. Hill, 104 F.2d 36, 37. We do not agree. There the appellee waived notice of appeal, appeared as a party to the appeal and designated his portion of the record *within the time for the taking of the appeal.* Here there was no waiver of notice and no appearance by appellees until long after the time for appeal had expired and then to raise the jurisdictional question.

Nor is there anything contra in Martin v. Clarke, 7 Cir., 105 F.2d 685, 686, 124 A.L.R. 497. There the notice of appeal filed by the appellant was held within Rule 73(b). It named the judgment appealed from but misdescribed it as being in favor of appellant instead of adverse to him. All Rule 73(b) requires is that the notice of appeal "shall designate the judgment or part thereof appealed from". The judgment was designated. That it was misdescribed is irrelevant technical error.

In Reconstruction Finance Corp. v. Prudence Securities Advisory Group, 311 U.S. 579, 61 S.Ct. 331, 95 L.Ed. 364, a Chandler Act 11 U.S.C.A. § 1 et seq., case, the petition for appeal was filed in the district court instead of in the circuit court of appeals, because of a prior misleading decision of the court of appeals. The court held that the court of appeals could allow the appeal because of the uncertainty of the law, but stated, 311 U.S. at page 582, 61 S.Ct. at page 333: "Normally the Circuit Court of Appeals would be wholly justified in treating the mere filing of a notice of appeal in the District Court as insufficient."

Cf. Cutting v. Bullerdick, 9 Cir. 1950, 178 F.2d 774.

■ Here there is no uncertainty as to the law. "Normally" an appeal can be taken only by a party to the action. Under the rule of liberal construction, the taking of an appeal by a non-existent person is not an unsubstantial "procedural irregularity," such as considered in the Reconstruction Finance Co. case, supra. Nor is it the "harmless error" of Federal Rules of Civil Procedure 61 and of Commercial Banking Corp. v. Martel, 2 Cir., 123 F.2d 846, 847 and University City v. Home, etc. Insurance Co., 8 Cir., 114 F.2d 288, 295, also cited by petitioner.

The petition for rehearing is denied.