COMMANDING OFFICER UNITED STATES ARMY BASE, CAMP BRECK-INRIDGE, KY. v. UNITED STATES ex rel. BUMANIS.

No. 11949.

United States Court of Appeals
Sixth Circuit.

Oct. 22, 1953.

Charles F. Wood, Asst. U. S. Atty., Louisville, Ky., for Commanding Officer.

John A. Fulton, Louisville, Ky., for Osvalds Bumanis.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

In the court below, Osvalds Bumanis, a citizen of Latvia, sought a Writ of Habeas Corpus to inquire into his alleged illegal detention by the Commanding Officer, United States Army Base, Camp Breckinridge, Kentucky, on the ground that he was unlawfully inducted into service pursuant to the Selective Service Acts, 50 U.S.C.A.Appendix, § 451 et seq., in violation of the provisions of a Treaty between Latvia and the United States, 45 Stat. 2641. The application was styled United States, ex rel. Osvalds Bumanis, Relator, v. Commanding Officer, United States Army Base, Camp Breckinridge, Kentucky. The United States was not made a party defendant. The District Judge sustained Bumanis' contention and on February 26, 1953, entered an order directing the Commanding Officer to release the petitioner from custody.

On April 23, 1953, the United States of America filed in the District Court a Notice of. Appeal from the order of February 26, 1953, and on June 2 and 4, 1953, it filed in this court the certified record of the proceedings below. Pursuant to the Notice of Appeal the case was docketed in the Clerk's office under the style of United States of America, ex rel. Osvalds O. Bumanis, Appellant, v. Commanding Officer, United States Army Base, Camp Breckinridge, Kentucky, Appellee. On June 23, 1953, and on July 29, 1953, orders were entered in this court extending the time for filing briefs on behalf of the appellant, pursuant to written stipulations between the United States as appellant and Bumanis, and thereafter on August 8, 1953, printed briefs were filed in this court on behalf of the appellant. These briefs were styled United States of America, ex rel. Osvalds O. Bumanis, Relator, Appellant, v. Commanding Officer, United States Army Base, Camp Breckinridge, Kentucky, Appellee.

Thereafter, following correspondence between the Clerk's office and the office of the United States District Attorney, the proceeding was redocketed in the Clerk's office under the style of Commanding Officer, United States Army Base, Camp Breckinridge, Kentucky, Appellant v. United States of America, ex rel. Osvalds O. Bumanis, Appellee.

On September 25, 1953, the attorney for Bumanis, designating himself as "attorney for appellee, United States of America, ex rel. Osvalds Bumanis" moved to dismiss the appeal on the ground that the Commanding Officer, respondent below, who was the only party who could appeal from the order of the District Court, had failed to do so and the time for so doing had expired. On October 1, 1953, the United States District Attorney appearing for the "appellant, Commanding Officer, United States Army Base, Camp Breckinridge, Kentucky," moved the court to correct the style of the appeal so as to read as follows: Commanding Officer, U. S. Army Base, Camp Breckinridge, Kentucky, Appellant, v. United States of America, ex rel. Osvalds O. Bumanis, Appellee. These motions are now before us for disposition.

In the proceedings in the District Court, the petitioner properly proceeded against the Commanding Officer

of the United States Army Base. Jones v. Biddle, Atty. Gen., 8 Cir., 63 S.Ct. 856, 87 L.Ed. 1152, 131 F.2d 853, certiorari denied 318 U.S. 784, rehearing denied 319 U.S. 780, 63 S.Ct. 1027, 87 L. Ed. 1725; Id., 319 U.S. 784, 63 S.Ct. 1325, 87 L.Ed. 1728; United States ex rel. Goodman v. Roberts, 2 Cir., 152 F.2d 841, certiorari denied 328 U.S. 873, 66 S.Ct. 1377, 90 L.Ed. 1642. See Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898. Upon the entry of the judgment of February 26, 1953 in favor of the petitioner the said Commanding Officer was the proper party to prosecute an appeal from that order. Collins v. Miller, Marshal, 252 U.S. 364, 371, 40 S.Ct. 347, 64 L.Ed. 616.

United States of America, not being a party against whom the judgment ran, and not having intervened in the proceedings below for making itself such a party, was not authorized to take an appeal from the judgment of the District Court, and such attempted appeal was of no validity. United States v. Seigel, 83 U.S.App.D.C. 88, 168 F.2d 143; State of South Carolina v. Wesley, 155 U.S. 542, 15 S.Ct. 230, 39 L.Ed. 254; United States ex rel. State of Louisiana v. Jack, 244 U.S. 397, 37 S.Ct. 605, 61 L.Ed. 1222. See also Penwell v. Newland, 9 Cir., 180 F.2d 551; Land v. Dollar, 88 U.S.App.D.C. 162, 188 F.2d 629, 632, certiorari denied 340 U.S. 948, 71 S.Ct. 533, 95 L.Ed. 684; In re Van Sweringen Corp., 6 Cir., 180 F.2d 119, 120.

■ Since the Commanding Officer of the Army Base has not taken an appeal and did not file the record in this court in furtherance of any appeal, we are of the opinion that the style of this appeal should not designate the said Commanding Officer as the appellant. In Glenn v. American Surety Co., 6 Cir., 160 F.2d 977, wherein we sustained a motion to change the caption of the appeal the change was made so as to correctly designate as the appellant the party who had actually taken the appeal.

■ The United States contends that until the motion to dismiss the appeal was filed Bumanis had recognized the United States as the correct appellant, and had entered into stipulations with the United States extending the time for the filing of the said appellant's brief. It relies upon Miller v. Hatfield, Trustee, 309 U.S. 1, 60 S.Ct. 374, 84 L.Ed. 535. See also Crump v. Hill, 5 Cir., 104 F.2d 36, 37. The stipulations referred to were executed and filed after the time for taking an appeal had expired, and as pointed out in Penwell v. Newland, supra, jurisdiction can not be conferred upon this court by actions of the parties contrary to the statutory provisions. Rule 73(a), Federal Rules of Civil Procedure, 28 U.S.C.A.; Marten v. Hess, 6 Cir., 176 F.2d 834.

■ The motion of the Commanding Officer to have the style of this appeal designate the Commanding Officer of the United States Army Base as the appellant is overruled, and the motion of appellee Bumanis to dismiss the appeal is sustained.