**LAND et al. v. DOLLAR et al.**

**UNITED STATES v. DOLLAR et al.**

**SAWYER, Secretary of Commerce, v. DOLLAR et al.**

Nos. 10868, 10875, 10876.

United States Court of Appeals
District of Columbia Circuit.

Decided Jan. 31, 1951.

Writ of Certiorari Denied March 12, 1951.
See 71 S.Ct. 533.

Mr. Newell A. Clapp, Acting Asst. Atty. Gen., and Mr. Edward H. Hickey, Attorney, Department of Justice, Washington, D. C., for appellants.

Mr. George Morris Fay, U. S. Atty., and Mr. Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., also entered appearances for appellants.

Messrs. Gregory A. Harrison, Moses Lasky, San Francisco, Cal., and Clinton M. Hester, Washington, D. C., for appellees.

Before CLARK, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

PER CURIAM.

These are three appeals from a judgment entered by the District Court pursuant to our mandate of November 17, 1950. This is the third time this controversy has been here.

Dollar, et al. brought a civil action praying that the defendant members of the Maritime Commission be restrained from selling or disposing of certain stock and "That the defendants be directed and or-

dered by this Court to deliver to the plaintiffs the following stock: * * *." In response to a motion for a preliminary injunction the defendants submitted affidavits representing that the stock had been transferred outright to the United States and that the suit was, therefore, one against the United States. The trial court thereupon dismissed the action. This court reversed that judgment,[1] and the Supreme Court, granting *certiorari*, affirmed.[2] The question there was how the court should proceed when confronted with a claim by private persons for the delivery to them of property which Government agents claim to hold on behalf of the United States. The issue as to whether the United States is a necessary party to such an action depends upon whether the United States in fact owns the property. Therefore, the question of jurisdiction depends upon the merits. The Supreme Court held that in order to determine jurisdiction the court must determine the merits to that extent. The Court discussed the Lee case[3] and pointed out that while an adjudication to which the United States is not a party cannot be *res judicata* against the United States "the courts have jurisdiction to resolve the controversy between those who claim possession."[4] In one succinct paragraph the Court prescribed the disposition of the case then before it and now before us. It said:

"It is in the latter category that the pleadings have cast this case. That is to say, if the allegations of the petition are true, the shares of stock never were property of the United States and are being wrongfully withheld by petitioners who acted in excess of their authority as public officers. If ownership of the shares is in the United States, suit to recover them would of course be a suit against the United States. But if it is decided on the merits either that the contract was illegal or that respondents are pledgors, they are entitled to possession of the shares as against peti-

1. Dollar v. Land, 1946, 81 U.S.App.D.C. 28, 154 F.2d 307.

2. Land v. Dollar, 1947, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209.

3. United States v. Lee, 1882, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171.

4. Supra note 2, at 330 U.S. 736, 67 S.Ct. 1011, 91 L.Ed. 1209.

tioners, though, as we have said, the judgment would not be *res judicata* as against the United States."[5]

The result, which is inescapable from the very nature of the controversy, is paradoxical. In an action between a private individual and a public official, the court decides that the United States has no interest in the property involved and so the action will lie, but the ensuing judgment is effective only as to the parties before the court and is not *res judicata* against the United States, not a party.

The case was returned to the District Court, was tried, 82 F.Supp. 919, and was appealed to this court, and it was here held that (1) the Commission had no power to acquire outright ownership of the stock and (2) the plaintiffs were pledgors.[6] The Supreme Court denied *certiorari*.[7] Therefore, as the Supreme Court directed in the opinion from which we have quoted above, the plaintiffs "are entitled to possession of the shares as against" the defendant officials. We directed the District Court to enter judgment pursuant to our opinion.

Upon the remand the District Court entered an order and final judgment as follows:

"1. That in conformance with and obedience to the said mandate of the Court of Appeals the judgment of this Court of the 2nd day of December 1948 is hereby vacated.

"2. That under the provisions of Rule 70 FRCP [28 U.S.C.A.], which specifies 'If real or personal *property* is within the district, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others and such judgment has the effect of a conveyance executed in due form of law', that title to the shares in question is in the plaintiffs,* since they were never legally divested of the same, and the asserted title of all others arising out of the same transaction to the contrary null and void, and that they are entitled to the delivery and possession of said shares, and entitled further as provided by said Rule if such may be necessary,' * * * to a writ of execution or assistance upon application to the clerk'.

\* \* \* \* \* \*

" * Plaintiff Dollar Steamship Line 2,-100,000 shares of the B stock and 2,075 shares of the A stock;
"Plaintiff R. Stanley Dollar 51,174 shares of the A stock;
"Plaintiff The Robert Dollar Co. 37,722 shares of the A stock;
"Plaintiff H. M. Lorber 9,174 shares of the A stock."

The present appeals are from that judgment. Appellants contend that the District Court did not enter the judgment which the Supreme Court said would follow from the allegations of the complaint, if proved, but went further and purported to determine the title to the shares of stock as against all the world, which, in effect, say appellants, is an attempt to make the judgment *res judicata* against the United States.

■ The second paragraph of the judgment of the District Court is modified to read as follows:

"2. That plaintiffs are entitled to possession of the shares as against defendants,* and the defendants are ordered and directed to deliver forthwith to the plaintiffs the said shares. The possession to which plaintiffs are entitled is an effective possession of the shares. In so far as such right requires action on the part of defendants in addition to physical delivery of the certificates, such action is hereby directed to be taken. Plaintiffs are entitled under this judgment to all rights belonging to possessors of the shares. Plaintiffs are further entitled, as provided by Rule 70 of the Federal Rules of Civil Procedure, 'to a writ of execution or assistance upon application to the clerk' of this court, if such writ becomes necessary.

"* Plaintiff Dollar Steamship Line 2,-100,000 shares of the B stock and 2,075 shares of the A stock;

---

5. Id. at 330 U.S. 738, 739, 67 S.Ct. 1012, 1013, 91 L.Ed. 1209.

6. Dollar v. Land, 1950, 87 U.S.App.D.C. —, 184 F.2d 245.

7. Land v. Dollar, 1950, 340 U.S. 884, 71 S. Ct. 198.

632

"Plaintiff R. Stanley Dollar 51,174 shares of the A stock;

"Plaintiff The Robert Dollar Co. 37,722 shares of the A stock;

"Plaintiff H. M. Lorber 9,174 shares of the A stock."

The District Court is directed to enter judgment in accordance with the foregoing modification, and for that purpose the cause will be remanded.[8]

■ A further question is presented by the appeal noted by the United States. As we have indicated, the litigation was between Dollar, et al., on the one side and the members of the Maritime Commission on the other. When the final judgment was entered in the District Court, however, the United States appeared specially "without submitting itself to the jurisdiction of this Court" and moved the court to set aside the order and judgment. Since the United States did not submit itself to the jurisdiction of the trial court, it could not appeal.[9] The appeal of the United States is, therefore, dismissed.

■ After the entry of judgment by the District Court on the mandate of this court, Charles Sawyer, Secretary of Commerce, appearing specially, asserted that he "holds custody of the stock which is the subject of this action", and he moved the court to vacate its order and final judgment. His motion being denied, he noted an appeal.

On June 11, 1947, pursuant to stipulation, the District Court ordered that until the final determination of this case the defendants should not sell, transfer or otherwise dispose of the possession or custody of any of the shares of stock without giving the plaintiffs twenty days' notice in writing of their intention to do so. We will not assume that the Secretary intends to represent that the defendants are in contempt of that order of the court, but understand that his representations are merely an attempt to reassert the title of the United States. Disposition of the shares by the defendants through the process of retiring from office or through the abolition of their offices, as suggested by the Secretary, is not outside the court order of June, 1947, since that order does not forbid such transfer or disposition but forbids it without notice to the plaintiffs so as to afford the court an opportunity to deal with the new circumstances. Such disposition, if it occurred, without twenty days' notice to the plaintiffs was a violation of the order of June, 1947. Rule 71 of the Federal Rules of Civil Procedure provides that, "when obedience to an order may be lawfully enforced against a person who is not a party, he is liable to the same process for enforcing obedience to the order as if he were a party." The District Court is directed to enforce obedience to its order, as herein modified, whether effective process is against the present named defendants or is against another official, or other officials, against whom the order might be lawfully enforced if he or they were a party or parties to the suit. If the Secretary of Commerce now has custody or possession of the shares, he obviously acquired such custody or possession since the beginning of this action, indeed since the order of June 11, 1947. Obedience to the order about to be entered pursuant to this opinion is, therefore, enforceable against him, and he is liable, under Rule 71, supra, to the same process for enforcing obedience to that order as if he were a party.

■ As in the case of the United States, the Secretary entered a special appearance in the District Court and asserted that he was not thereby subjecting himself to the jurisdiction of that court. Treating his assertion literally, he has no right of appeal, and his appeal will, therefore, be dismissed. But if he were to be treated as having subjected himself to the jurisdiction of the court and his appeal were allowed to stand, the order from which the appeal was noted would be affirmed as modified.

The District Court is directed to enforce obedience to the judgment herein directed to be entered by it, by whatever process may become appropriate.

8. 62 Stat. 963 (1948), 28 U.S.C.A. § 2106.

9. United States v. Seigel, 1948, 83 U.S. App.D.C. 88, 168 F.2d 143.

Appeal in No. 10875 dismissed; appeal in No. 10876 dismissed; in No. 10868 cause remanded with direction for entry of modified judgment.