116 F.3d 1450
 37 Fed.R.Serv.3d 511
 HORPHAG RESEARCH LTD., M.W. International, Inc., Societe
Civile D'Investigations Pharmacologiques D'Aquitaine, and
Societe Civile Pour L'Expansion de la Rechereche en
Phytochimie Appliquee, Plaintiffs,
v.
CONSAC INDUSTRIES, INC., d/b/a Country Life, Defendant.
HORPHAG RESEARCH and M.W. International, Inc., Movants-Appellees,
v.
INTERNATIONAL NUTRITION COMPANY and Egbert Schwitters,
Joined Parties-Appellants.
 No. 96-1520.
 United States Court of Appeals,
Federal Circuit
 April 22, 1997.
 
 Norman H. Zivin, Cooper & Dunham LLP, New York City, argued for Joined Parties-Appellants. With him on the brief was Donna A. Tobin.
 Marvin S. Gittes, Cobrin Gittes & Samuel, New York City, argued for Movants-Appellees. With him on the brief was David A. Loewenstein.
 Before RICH, PLAGER and SCHALL, Circuit Judges.
 PLAGER, Circuit Judge.
 
 
 1
 International Nutrition Company ("INC") and Egbert Schwitters (collectively referred to as "appellants") appeal from an Order of the United States District Court for the Eastern District of New York in Doc. No. 93-CV-2522 dated May 8, 1996. That Order joined INC and Schwitters as parties under Federal Rules of Civil Procedure 25(c) and 71 to a case closed some ten months prior and bound them to the outcome therein. Because we conclude that neither Rule 25(c) nor Rule 71 applies to the present case and that the judge failed to make the proper findings of fact to support the concomitant injunction, we vacate the Order and remand with instructions to deny the motion to join INC and Schwitters as parties.
 
 BACKGROUND
 
 2
 The procedural history of the present case is complicated. We recite here only those facts necessary to elucidate our opinion. On June 8, 1993, Horphag Research Ltd. ("Horphag") and M.W. International, Inc. ("MW") sued Consac Industries, Inc. ("Consac") in the Eastern District of New York for (1) infringement of their registered United States trademark PYCNOGENOL, and (2) infringement of United States Patent No. 4,698,360 (the '360 patent). At the time of this suit, Horphag owned an undivided 50% interest in the '360 patent. The other 50% was owned by Societe Civile D'Investigations Phramacologiques D'Aquitaine ("SCIPA"). Neither Horphag nor Consac moved to join SCIPA as a party.
 
 
 3
 On October 15, 1993, Consac brought a declaratory judgment action in the United States District Court for the District of Columbia for invalidity of the '360 patent against SCIPA and Societe Civile Pour L'Expansion de la Rechereche en Phytochimie Appliquee ("SCERPA") pursuant to 35 U.S.C. § 293. At that time, SCERPA owned the rights to the registered French trademark PYCNOGENOLS but had no interest in the '360 patent.
 
 
 4
 On March 7, 1994, SCERPA transferred its trademark rights in the French trademark to INC. On the same day, SCIPA transferred its 50% interest in the '360 patent to INC. This transfer occurred approximately ten days after Consac filed a motion to transfer and consolidate its declaratory judgment action with the pending infringement action in the Eastern District of New York. Consac's motion to consolidate the actions was granted on March 25, 1994, approximately two weeks after the transfers of rights occurred.
 
 
 5
 On April 8, 1994, SCIPA and SCERPA, now joined in the action against Horphag, answered Consac's declaratory judgment complaint by asserting that the court lacked personal and subject matter jurisdiction because, inter alia, SCIPA had assigned its rights in the '360 patent to INC. SCIPA and SCERPA also asserted three cross-claims against Horphag and MW. The only one relevant to the present appeal is the second that claimed that "Horphag and its agents fraudulently misappropriated SCERPA's trademark for Horphag's exclusive use and benefit in the United States in violation of Horphag's agreement with SCERPA to respect SCERPA's prior rights thereto."
 
 
 6
 On November 16, 1994, the District Court entered an Order dismissing SCIPA and SCERPA's cross-claims against Horphag and MW with prejudice, but provided that such dismissal "is without prejudice to the assertion thereof as counter-claims or cross-claims should Horphag or MW sue SCIPA or SCERPA in the United States, or elsewhere." Subsequently, on July 26, 1995, Horphag and MW settled their trademark and patent infringement action against Consac. Pursuant to the settlement agreement all claims and counterclaims were dismissed with prejudice.
 
 
 7
 On September 9, 1995, INC filed with the United States Patent and Trademark Office ("PTO") a Petition for Cancellation of Horphag's United States registration of the trademark PYCNOGENOL. In that petition, INC alleged that Horphag had fraudulently obtained the registration in contravention of United States' law and the Paris Convention. In 1992, SCIPA, INC's predecessor in interest to the French trademark, had entered an opposition to Horphag's application to register the trademark, but that opposition subsequently was dismissed with prejudice for failure to prosecute the opposition.
 
 
 8
 On March 14, 1996, Horphag and MW moved in the District Court of the Eastern District of New York to join INC and Schwitters as parties under Rules 25(c) and 71 to the then closed case formerly in that court. The court granted the motion, stating that INC and Schwitters were the "successor in interest" to SCERPA and SCIPA. As such, the Order explicitly bound INC and Schwitters to the court's prior Order dismissing SCERPA and SCIPA's cross-claims. In addition, INC was ordered to withdraw its pending opposition proceeding in the PTO. INC now appeals that Order.
 
 DISCUSSION
 
 9
 There are several problems with the court's Order. First, Rule 25 does not apply to the present situation. Rule 25(c) provides that:
 
 
 10
 In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.
 
 
 11
 Fed.R.Civ.P. 25(c). This rule only applies to pending litigation. See 3B Jeremy C. Moore et al., Moore's Federal Practice p 25.08 (2d ed. 1996) ("Subdivision (c) of Rule 25 deals with transfers of interest during the course of the action."); Panther Pumps & Equip. Co. v. Hydrocraft, Inc., 566 F.2d 8, 11 (7th Cir.1977); Minnesota Mining & Mfg. Co. v. Eco Chem, Inc., 757 F.2d 1256, 1262 (Fed.Cir.1985) (joinder under Rule 25(c) proper when transfer occurred during pendency of suit).
 
 
 12
 It is clear that at the time of the transfers by SCIPA and SCERPA to INC, neither were parties in the patent infringement suit brought by Horphag against Consac. Although Consac's still separate declaratory judgment suit against SCIPA and SCERPA was pending in the District of Columbia court at the time of the transfers, that is irrelevant. The suit that must be pending is the one in which joinder is sought. Horphag attempts to rely on the filing date of Consac's case against SCERPA and SCIPA because a motion to transfer and consolidate that suit with its suit against Consac was pending at the time of the transfer. Horphag has cited no authority for this proposition and we reject it. Horphag argues that a parade of horribles will occur if we permit INC to escape the court's jurisdiction by transferring its interest. We doubt Horphag's predictions will come true. We suspect that most suits will be originally brought against the correct party and that any subsequent transfer to avoid the court's reach will trigger Rule 25(c). Accordingly, we hold that INC and Schwitters were improperly joined under Rule 25(c).
 
 
 13
 Rule 71 is equally unavailing. Under Rule 71, "when obedience to an order may be lawfully enforced against a person who is not a party, that person is liable to the same process for enforcing obedience to the order as if a party." Fed.R.Civ.P. 71. Horphag admits that cases applying Rule 71 to non-parties are "sparse," but contends that a court may enforce its orders against "bogus and fraudulently created non-parties," citing Select Creations, Inc. v. Paliafito America, Inc., 852 F.Supp. 740 (E.D.Wis.1994) and Land v. Dollar, 188 F.2d 629 (D.C.Cir.1951). We need not decide whether that is the rule or not because we have no way of applying to such a rule the facts of this case. The court's Order is devoid of any findings of fact on the relationship between INC and Schwitters and SCIPA and SCERPA. The only finding by the court appears in the Order, which recited that INC and Schwitters are the "successor in interest" to SCIPA and SCERPA. We consider such a finding to be conclusory without any supporting underlying facts. Accordingly, the court's Order cannot be sustained under Rule 71.[1]
 
 
 14
 This absence of findings of fact itself would be sufficient to require that the injunction be vacated. "Every order granting an injunction ... shall set forth the reasons for its issuance...." Fed.R.Civ.P. 65(d). An injunction must be vacated if the findings and the record are insufficient to enable an appellate tribunal to determine the basis for the injunction. See Weitzman v. Stein, 897 F.2d 653, 658 (2d Cir.1990).[2] Such is the case here. As mentioned above, the only potential finding is that the appellants are the successors in interest. That is hardly a sufficient basis for the injunction because the appellants can in fact be the successor in interest to the patent and trademark rights without being bound by the prior dismissal. The general rule is that a corporation that purchases the assets of another does not thereby assume the obligations of its predecessor. See Panther Pumps, 566 F.2d at 24 (quoting Forest Lab., Inc. v. Pillsbury Co., 452 F.2d 621 (7th Cir.1971)). While there are exceptions to this general rule, id., there were no findings and the record is unclear on whether any of those exceptions applied to this case. As a result, we cannot adequately review the basis for the injunction. Such lack of factual foundation is particularly troublesome with respect to Schwitters because in order to be personally bound the court must have necessarily "pierced the corporate veil." There is no support for such an inference in the Order.
 
 
 15
 The district court joined INC and Schwitters to a case that had been closed over ten months prior. The only articulated bases for that Order were Rules 25(c) and 71. Because we hold that the record does not support the application of either of these rules and, alternatively, because the record is not sufficiently developed to enable us to apply these rules, the Order is vacated, with instructions to the court to deny the motion by Horphag and MW for joinder of INC and Schwitters.[3]
 
 VACATED and REMANDED
 COSTS
 
 16
 For obvious reasons, Horphag's pending motion for sanctions under Fed.R.App.P. 38 is denied. Each party to bear its own costs.
 
 
 
 [1]
 Appellants also argue that a PTO cancellation proceeding does not fall within the prior court Order dismissing SCIPA and SCERPA's cross-claims. Because of our holding that INC and Schwitters were improperly joined, we need not reach appellant's alternative argument
 
 
 [2]
 We normally apply the law of the regional circuit, in this case the Second Circuit, to matters not within our exclusive jurisdiction. See Atari Games Corp. v. Nintendo of America, Inc., 897 F.2d 1572, 1575, 14 USPQ2d 1034, 1036 (Fed.Cir.1990)
 
 
 [3]
 We express no opinion on whether INC as the successor in interest to the French trademark registration is barred by res judicata from continuing the trademark cancellation proceeding before the PTO based on the prior dismissal with prejudice of its predecessor's opposition proceeding